UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas E. Robertson, # 97244-071, ) | **C/A 4:05-3549-RBH-TER** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Evercom Systems Inc.; ) | |
| Dennis L. Whipple (Personally and as President and ) | |
| C.E.O. of Evercom Systems, Inc.); ) | |
| County of Lexington, South Carolina (o/b/o The ) | |
| Lexington County Detention Center); ) | |
| County of Darlington, South Carolina (o/b/o The ) | |
| Darlington County Detention Center); ) | |
| County of Dillon, South Carolina (o/b/o The Dillon ) | |
| County Detention Center); ) | **Report and Recommendation** |
| Pay Tell Communications, Inc.; ) | |
| John Vincent Townsend (Personally and as President ) | |
| of Pay Tel Communications, Inc.); ) | |
| County of Florence, South Carolina (o/b/o The Florence ) | |
| County Detention Center); ) | |
| County of Spartanburg, South Carolina (o/b/o ) | |
| Spartanburg County Detention Center); ) | |
| Williamsburg, South Carolina (o/b/o the Williamsburg ) | |
| County Detention Center); ) | |
| Sprint Payphone Services, Inc.; ) | |
| State of South Carolina Budget & Control Board; and ) | |
| State of South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____ | |

The above-captioned case is a "spin-off" (so to speak) from a civil rights case filed by a prisoner. *See* pleadings in <u>Michael R. Ray, # 40860-019</u>, *et al.* v. <u>Evercom Systems, Inc., *et al.*,</u> Civil Action No.

1

4:05-2904-RBH-TER. In an order filed on December 21, 2005, in Civil Action No. 4:05-2904-RBH-TER, the Honorable R. Bryan Harwell, United States District Judge, directed the Clerk of Court to terminate all plaintiffs except Michael Ray as plaintiffs and to assign separate civil action numbers to six (6) co-plaintiffs who could be identified. Judge Harwell also authorized the undersigned to treat the six "spin-off" cases as cases not in "proper form" under the General Order (Misc. No. 3:05-5010-JFA) signed on November 1, 2005.

The Clerk of Court has filed the pleadings as of the date they were received for docketing. In an order (Entry No. 4) filed in this case on January 6, 2006, the undersigned issued a "twenty-day" order directing the plaintiff to submit the items needed to render this case into "proper form." On January 19, 2006, the plaintiff filed a letter (Entry No. 5) with the court. In that letter, the plaintiff writes: "Please be advised that I do not wish to proceed with the above-captioned case."

It is readily apparent that the plaintiff is seeking a voluntary dismissal of this action. Hence, I recommend that the plaintiff's letter (Entry No. 5) be treated as a motion for voluntary dismissal *without*

*prejudice* under Fed. R. Civ. P. 41(a)(2), and that the District Court grant the motion (Entry No. 5) and dismiss the above-captioned case *without prejudice* under Fed. R. Civ. P. 41(a)(2).  The plaintiff's attention is directed to the Notice on the next page.

                                Respectfully submitted,

February 14, 2006                s/Thomas E. Rogers, III
Florence, South Carolina       Thomas E. Rogers, III
                                United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**